## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

HARPER INSURANCE LIMITED, RIVER
THAMES INSURANCE COMPANY LIMITED and
GUILDHALL INSURANCE COMPANY
LIMITED,

                    Petitioners,

     v.

CENTURY INDEMNITY COMPANY,

                    Respondent.

CIVIL ACTION NO.   10-CIV-7866
(NRB)

Hon.  Naomi Reice Buchwald

---

## RESPONDENT AND CROSS-PETITIONER'S REPLY MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S MOTION TO VACATE AND IN SUPPORT OF CROSS-PETITIONER'S MOTION TO CONFIRM

**WHITE AND WILLIAMS LLP**
Andrew I. Hamelsky, Esquire
One Penn Plaza
250 West 34th Street, Suite 4110
New York, NY  10119
 212.631.4406
hamelskya@whiteandwilliams.com

Of Counsel:

Christine G. Russell, Esquire
Ellen K. Burrows, Esquire
Brendan D. McQuiggan, Esquire
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19102
(215) 864-6301/7028/7173

*Attorneys for Respondent,*
*Century Indemnity Company*

Dated:   January 27, 2011

7065252v.3

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................1

II.     LEGAL ARGUMENT ..........................................................................................1

    A.      LMC's Petition to Vacate is Still Late .....................................................1

        1.      New York Procedural Arbitration Law Applies. ..........................1

        2.      LMC Waived Provisions of CPLR §7507 Regarding Affirmation and
            Means of Delivery..........................................................................3

        3.      LMC's Late Filing is not Obviated By Century's Cross-Petition to
            Confirm. .........................................................................................5

    B.      LMC Still Have Not Demonstrated That the Panel Exceeded its Authority as
        Required to Succeed on Their Motion to Vacate Under Either the FAA or New
        York Arbitration Law ................................................................................6

        1.      The Panel Did Not Exceed its Authority by Fashioning a Reasonable
            Remedy for the Dispute Submitted to It. ......................................6

        2.      The Panel's "Interim" and "Final" Order are a Reasoned Interpretation
            Effecting the Terms and Intent of the Contract. ...........................7

III.    CONCLUSION.....................................................................................................7

i

# TABLE OF AUTHORITIES

## CASES

CRC, Inc. v. Computer Sciences Corp., No. 10 Civ. 4981, 2010 WL 4058152
(S.D.N.Y. Oct. 14, 2010) ..................................................................................2, 3

County of Naussau v. Chase, 2010 WL 3853042 (2d Cir. October 4, 2010) .....................2

Diamond Waterproofing Sys. Inc. v. 55 Liberty Owners Corp., 826 N.E.2d 802
(N.Y. 2005) .................................................................................................3

District Council 1707 v. Hope Day Nursery, Inc., 2007 WL Fed. Appex. 32,
1299225 (2d Cir. 2007)..................................................................................6

Fensterstock v. Educ. Fin. Partners, 611 F.3d 124 (2d Cir. 2010).......................................2

Hayes v. New York City Dept. of Educ., No. 100744/09, 2009 WL 4724259
(N.Y. Sup. Ct. Nov. 11, 2009) ......................................................................4

Kozlowski v. Seville Sundicate, Inc., 64 Misc. 2d 109, 314 N.Y.S.2d 439 (Sup.
Ct. 1970) ....................................................................................................4

Local 802 v. Parker Meridien Hotel, 145 F.3d 85 (2d Cir. 1998) .......................................6

In re Lowe (Erie Ins. Co.), 865 N.Y.S.2d 465 (N.Y. App. Div. 2008)................................4

MBNA Am. Bank, N.A. v. Straub, 815 N.Y.S. 2d 450, 2006 N.Y. Slip Op. 26209...........5

Penrod Mgmt. Group v. Stewart's Mobile Concepts, Ltd, No. 07 Civ. 10649, 2008
U.S. Dist. LEXIS 11793 (S.D.N.Y. Feb. 19, 2008)...................................................2, 3

Portfolio MGM Inc. v. Allen, 2005 N.Y. Slip Op. 517744 (N.Y. Civ. Ct. Oct. 25,
2008) .........................................................................................................5

Security Ins. Co. of Hartford v.TIG Ins. Co., 360 F.3d 322 (2d Cir. 2004) .......................2

Shaw Group, Inc., et al. vs. Triplefine International Corp., 322 F.3d 115 (2d Cir.
2003) .........................................................................................................3

Sims v. Siegelson, 246 A.D.2d 374, 668 N.Y.S.2d 20 (App. Div. 1998) .........................5

In re State, et al. v. Valenti, 57 A.D.2d 174, 393 N.Y.S.2d 797 (App. Div. 1977) .............4

Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468,
109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989)...................................................2

ii

## STATUTES AND RULES

NY CPLR § 7500 et seq..................................................................................................1

NY CPLR § 7507.................................................................................................4, 5

NY CPLR § 7511.............................................................................................3, 4, 5

NY CPLR § 7511 subd [b], par 1 ...........................................................................5

7065252v.3

## I.     INTRODUCTION

Faced with the problem of having missed their filing deadline under New York procedural arbitration law, LMC have cast about for any possible basis to save their petition to vacate. LMC's attempts to justify their lack of timeliness include the assertion that the award, which LMC admit they received and is authentic, was not properly affirmed or delivered as well as, what has been a soundly rejected argument, that a motion to confirm in federal court resets the clock on a motion to vacate. LMC also maintain that the FAA must govern the timeliness issue, ignoring entirely that LMC previously argued to the arbitration panel that New York law should apply, when it suited LMC's purposes to do so. These arguments are not supported by law, contradict LMC's prior position, and should not be countenanced by this Court.

More significantly, though, even if LMC's petition were timely, LMC still have not come close to meeting the heavy burden required for vacatur. To the contrary, the facts demonstrate that the Panel acted within its authority, the arbitration award was entirely proper and it should be confirmed.

## II.    LEGAL ARGUMENT

### A.     LMC's Petition to Vacate is Still Late.

#### 1.     New York procedural arbitration law applies.

LMC do not dispute that their Petition to Vacate was filed outside the 90-day period for such petitions under New York's arbitration law, NY CPLR § 7500 *et seq.* Nor do LMC dispute that (1) the contract at issue provides for arbitration according to "the arbitration law of New York,"[1] and (2) LMC argued for the application of New York arbitration law during the course

---

[1] *See* LMC Exh. 1 at Art. XII.

of the arbitration when it served their interests to do so.[2]  Apparently unable to explain their

inconsistency of position, LMC just ignore the latter fact.  Instead, LMC now take the position

that the FAA must apply on timeliness.  This position, however, is unsupported by the caselaw.

There is no federal policy favoring arbitration under a certain set of rules; the federal policy is simply

to ensure the enforceability, according to their terms, of private agreements to arbitrate.  *See Security*

*Ins. Co. of Hartford* v.*TIG Ins. Co.,* 360 F.3d 322, 325 (2d Cir. 2004) (*quoting Volt Information*

*Sciences, Inc.* v. *Board of Trustees,* 489 U.S. 468, 476 (1989)).

    The case law, even that cited by LMC, makes clear that clauses like the one in Treaty 101

call for application of New York arbitration law.  The Second Circuit, for instance, recently rejected

the very argument that LMC is making here, that the FAA, by its mere existence or potential

application, displaces the agreed application of New York arbitration law:

> When, as here, a retainer contract specifies that any appeal from an arbitration
> award is to be governed exclusively by New York state law, the designation must
> be honored by the courts unless the state law conflicts with federal law.  *Volt Info.*
> *Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,* 489 U.S. 468, 470, 477-
> 78, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).  This is true even when the contract
> involves interstate commerce and would otherwise fall within the coverage of the
> Federal Arbitration Act ("FAA").  *Id.* at 476-78;  *see also Fensterstock v. Educ.*
> *Fin. Partners,* 611 F.3d 124, 132 (2d Cir. 2010) (noting that state law is generally
> applicable to arbitration appeals and that FAA only preempts when state law
> actually conflicts with federal law).

*See County of Naussau v. Chase,* 2010 WL 3853042 (2d Cir. October 4, 2010) (applying New

York arbitration law).

    LMC's reliance on *CRC, Inc. v. Computer Sciences Corp.*, and *Penrod Mgmt. Group v.*

*Stewart's Mobile Concepts, Ltd.,* is misplaced.  While those cases did hold for the application of

the Federal Arbitration Act over New York's rules, they did so in the face of "generic" choice-

of-law clauses which only addressed interpretation of the agreement in general, not *enforcement*

---

[2] *See* Century Exh. M at 27-28.

of its terms. *See CRC, Inc. v. Computer Sciences Corp.*, No. 10 Civ. 4981, 2010 WL 4058152, at

*2 (S.D.N.Y. Oct. 14, 2010) (discussing the Agreement's choice-of-law clause); *Penrod Mgmt.*

*Group v. Stewart's Mobile Concepts, Ltd*, No. 07 Civ. 10649, 2008 U.S. Dist. LEXIS 11793, *2

(S.D.N.Y. Feb. 19, 2008) ("the choice of law provision states only that the Agreement 'shall be

construed in accordance with New York law.")  Indeed, even while holding for the application of

the FAA, the District Judge in *Penrod* was clear that it was a fact specific outcome because

"New York arbitration law applies in cases otherwise governed by the FAA where the choice of

law provision 'states that New York law shall govern both the agreement and its enforcement.'"

*2008 WL 463720* at *2 (quoting *Diamond Waterproofing Sys. Inc. v. 55 Liberty Owners Corp.*,

826 N.E. 2d 802, 806 (N.Y. 2005)).

Here, unlike the "generic" choice-of-law cases cited by LMC, the *arbitration* clause of

the contract (i.e., the mechanism, for the *enforcement* of the contract) specifically provides that

New York *arbitration* law shall apply.[3]  On its face, the reinsurance treaty provides that its

enforcement is to be governed by New York procedural arbitration law.  (*See* LMC Exh. 1 at Art.

XII.)  Thus, it is clear that the 90-day limitation for filing a petition to vacate contained in CPLR

§ 7511 governs.  LMC filed late and their petition, accordingly, should be dismissed.

        2.     LMC waived provisions of CPLR § 7507 regarding affirmation and means
             of delivery.

LMC next argue that, even if New York law and its 90-day period for filing a petition to

vacate applies, the clock never began to run because of defects in the "affirmation" and

"delivery" of the award to LMC.  Again, LMC do not dispute that they received the award at

---

[3] *See Shaw Group, Inc., et al. vs. Triplefine International Corp.*, 322 F.3d 115, 124 (2d. Cir. 2003) (stating in dicta that contract language which states that enforceability is to be governed by New York *arbitration law* evidences intent to conduct arbitration pursuant to New York arbitration law).

3

least 91 days before they filed their Petition.  Regardless, LMC argue that the "Final Award" dated July 10, 2010 still is not "final" because it was not explicitly "affirmed" and was not delivered by certified mail.  The court will note that LMC's explanation for waiting nearly four years from the date of the initial award is that it was not "final."  LMC now argue that the "Final Award" still is not final.   If this were true, then this Court would be required to dismiss LMC's Petition to Vacate as premature.  But the Court need not engage in such analysis, because LMC are flat wrong to suggest that affirmation or the manner of delivery matters where there is no dispute that the award is authentic and that delivery was accomplished.  A failure to observe the formalities of CPLR § 7507 is immaterial where actual delivery occurred.[4]  *See, e.g., Kozlowski v. Seville Sundicate, Inc.*, 64 Misc.2d 109, 118, 314 N.Y.S.2d 439, 449 (Sup. Ct. 1970) (finding no justifiable basis for vacatur where copy of award was sent via ordinary mail, as opposed to CPLR § 7507's requirement of delivery personally or by registered or certified mail, and holding that such method of transmission did not invalidate delivery).  Technical failures to meet CPLR "requirements" are not sufficient, in and of themselves, to render an award unenforceable.  *See, e.g., In re State, et al. v. Valenti*, 57 A.D.2d 174, 176, 393 N.Y.S.2d 797, 799 (App. Div. 1977) (stating that violation of CPLR § 7507 does not provide a basis for vacatur of award unless there is a finding of prejudice as to the petitioner's rights resulting from violation).

Further, it is apparent that the section 7507 requirements can be (and have been) waived by LMC.  *See, e.g., Hayes v. New York City Dept. of Educ.*, No. 100744/09,  2009 WL 4724259, at *9 (N.Y. Sup. Ct. Nov. 11, 2009) (because petitioner did not object timely to arbitration

---

[4] LMC are also wrong when they insist that delivery is a "defined term[] under the CPLR."  To the contrary, as recently as 2008 an appellate court in New York recognized that "[t]he statute [CPLR 7511] does not define 'delivery.'"  *In re Lowe (Erie Ins. Co.),* 865 N.Y.S.2d 465, 466 (N.Y. App. Div. 2008).

award's technical flaws under CPLR § 7507, such failure to object constituted waiver); *Sims v. Siegelson*, 246 A.D.2d 374, 376, 668 N.Y.S.2d 20, 22 (App. Div. 1998) ("a party who . . . has participated in the arbitration, may seek vacatur only on the grounds that the [sic] 'the rights of that party were prejudiced by . . . a procedural failure *that was not waived* (CPLR 7511, subd [b], par 1).'") (internal citations omitted) (emphasis added).

The method of entry and delivery of the "Interim Award" dated December 10, 2006 and the "Final Award" dated July 10, 2010 are customary and accepted in the reinsurance arbitration arena generally.  No party to the arbitration complained that either the "Interim" or "Final" award was not properly executed and delivered.  Recall also that there were two other phases of the hearing, "Phase 1B" and "Phase 2," which also gave rise to awards delivered in the same manner.  Having failed to properly and promptly raise a challenge to delivery, LMC have waived it.[5]

    3.    <u>LMC's late filing is not obviated by Century's Cross-Petition to Confirm.</u>

As its "last gasp" effort to avoid dismissal of its motion to vacate because it was not timely filed, LMC point to New York state courts' practice of permitting a party to raise arguments for vacating an arbitration award as affirmative defenses in opposition to a petition to confirm.  What LMC neglect to mention, however, is that federal courts sitting in New York have consistently held that, when applying CPLR § 7511, they do not adopt New York's

---

[5] The cases LMC cite are inapposite. Both *MBNA Am. Bank, N.A. v. Straub,* 815 N.Y.S.2d 450, 2006 N.Y. Slip Op. 26209, and *Portfolio MGM Inc. v. Allen,* 2005 N.Y. Slip Op. 517744 (N.Y. Civ. Ct. Oct. 25, 2008 (*see* LMC Reply Brief at 5), arise out of arbitrations commenced by banks against consumers to recover on credit card debt.  The courts in both cases refused to confirm the awards because there were serious concerns about the due process afforded the consumers, including, for instance, whether the banks had proven that the consumers agreed to arbitration, whether the consumers had notice of the arbitration proceedings, and the content and delivery of the awards.  None of these concerns are relevant here, where both parties admittedly received the "Interim Award" on December 10, 2006 and the "Final Award" on July 10, 2010, and there is no question as to the awards' authenticity.

common law interpretations of the statute, and specifically are not required to follow the

interpretation which revives time-barred challenges to arbitration awards. *See Local 802 v.*

*Parker Meridien Hotel*, 145 F.3d 85 (2d Cir. 1998) (applying §7511 (a) to bar affirmative

defenses to petition to confirm where petition to vacate was not timely filed); *District Council*

*1707 v. Hope Day Nursery, Inc.*, 2007 WL 1299225 (2d Cir. 2007) (grounds for vacating

arbitration award may not be raised as affirmative defense to petition to confirm where

limitations period governing motion to vacate has lapsed). LMC's petition is indeed time-barred.

**B.     LMC Still Have Not Demonstrated That the Panel Exceeded its Authority as Required to Succeed on Their Motion to Vacate Under Either the FAA or New York Arbitration Law.**

1.     The Panel did not exceed its authority by fashioning a reasonable remedy for the dispute submitted to it.

In its Reply Brief, LMC admit that Century asked the Panel to decide "how" and "when"

LMC are required to pay asbestos losses under Treaty 101. (LMC Reply Brief at 6.) The Panel

did just that. The fact that LMC do not like what the Panel decided with respect to "how" and

"when" does not mean that the issues were not submitted and decided. They clearly were.

LMC's continued claim that the "Final Award" was improper because there was no evidence or

testimony that related to it is patently untrue. The Panel held a week-long hearing, it heard

evidence, it made an interim ruling based on that evidence and argument; it heard further

argument, and it converted its "Interim Order" into a "Final Order." Indeed, the fact that LMC

spend almost an entire page trying to explain why certain course of dealing evidence should be

afforded no weight is proof positive that the issue of which party holds the money in the face of a

dispute was presented and there was evidence upon which the Panel could rely. Under the

deferential standard that this Court must apply to the arbitrators' decision, this fact alone

mandates that the Award must be upheld.

6

If there was evidence that supported LMC's interpretation of the Treaty that they neglected to put on (*see* LMC Reply Brief at 7), they did so at their peril.  The claim that LMC was prejudiced because it did not get to have an additional hearing when the Panel relinquished its jurisdiction but otherwise affirmed its "Interim Award," thus cannot withstand scrutiny.[6]

2.   The Panel's "Interim" and "Final" Awards are a reasoned interpretation effecting the terms and intent of the contract.

LMC cannot deny the broad discretion afforded to the Panel to fashion an appropriate remedy for the dispute presented to it.  Instead, they argue that the Panel's order "rewrote" the contract.  If anything in this entire briefing process amounts to "drivel" (*see* LMC Reply Brief at 9), it is this assertion.

The necessity for the Treaty 101 arbitration derived from the fact that London Reinsurers (including LMC) were attempting to enforce a tortured construction of the reinsurance contract, asserting that there was no treaty "accident" or policy loss unless and until Century met the requirements of London Reinsurers' Reinsurance Documentation Requirements or "RDRs."  The Panel rejected LMC's argument.  The fact that it did so does not amount to the Panel rewriting the contract or "throwing out" contract terms.  Instead, the Panel's award applied the contract and gave the parties direction as to how asbestos claims should be treated under the Treaty terms.

## III.   CONCLUSION

Although LMC claim that the Panel's award is so fundamentally unfair as to violate due process, they inexplicably waited four years before they tried to do anything about it – either in court or by petitioning the Panel.  Under any analysis, their current Petition to Vacate is not timely filed and, even if it were procedurally proper, it falls fatally short substantively.

---

[6] Interestingly, LMC give no indication of what evidence they would put on in order to obtain a "fair hearing."  (*See id.*)

LMC's Petition to Vacate must be denied and Century's Cross-Motion to Confirm must be granted.  Century respectfully requests the Court to so order.

Dated: January 28, 2011

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: _____

Of Counsel:
Christine G. Russell, Esquire
Ellen K. Burrows, Esquire
Brendan D. McQuiggan, Esquire

Andrew Hamelsky, Esquire
One Penn Plaza
250 West 34th Street, Suite 4110
New York, NY 10119
212-244-9500

*Attorneys for Respondent, Century Indemnity Company*

8

7065252v.3

**WHITE AND WILLIAMS LLP**
One Penn Plaza
Suite 4110
New York, NY 10119
212.244.9500
*Attorneys for Respondent Century Indemnity Company*

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HARPER INSURANCE LIMITED, ET AL. | : | **CIVIL ACTION No. 10-civ-7866** |
| | : | **(NRB)** |
| Petitioner, | : | |
| | : | |
| v. | : | **AFFIDAVIT OF SERVICE** |
| | : | |
| CENTURY INDEMNITY COMPANY, | : | |
| | : | |
| Respondent. | | |

ANDREW I. HAMELSKY, ESQ., of full age, being duly sworn according to law, upon his oath, deposes and says:

**I am a partner with the firm of White and Williams LLP, attorneys for petitioners in the within action.**

**On January 28, 2011, I filed the within Respondent and Cross-Petitioner's Reply Memorandum of Law in Opposition to Petitioner's Motion to Vacate and in Support of Cross-Petitioner's Motion to Confirm; and the within Affidavit of Service with the United States District Court, Southern District of New York.**

and a copy of the aforementioned via Federal Express to:

Brian E. O'Donnell, Esquire
Caroline Brizzolara, Esquire
John R. Vales, Esquire
RIKER DANZIG SCHERER HYLAND PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981

7172817v.1

ANDREW I. HAMELSKY

Sworn and subscribed to before
me this 28th day of January, 2011

FRANCES ZUJKOWSKI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02ZU4950567
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES MAY 1, 2011

7172817v.1